IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROLYN SCHILZ and MARK SCHILZ, husband and wife, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| JAMES DEAN THAYER, M.D., an individual, and MEMORIAL HEALTH CENTER, a Nebraska Corporation, | ) ) ) ) |
| Defendants. | ) ) |

Case No. _____

COMPLAINT AND
DEMAND FOR JURY TRIAL

Plaintiffs Carolyn Schilz (hereinafter "CAROLYN") and Mark Schilz (hereinafter "MARK") for their claim against Defendants James Dean Thayer, M.D. (hereinafter "THAYER") and Memorial Health Center (hereinafter "MHC") state and allege as follows:

## JURISDICTION – VENUE - PARTIES

1. Plaintiffs CAROLYN and MARK are residents of Mountain Home, Elmore County, Idaho.

2. Defendant THAYER is a physician practicing medicine in the State of Nebraska in Cheyenne County, Nebraska, and elsewhere.

3. Defendant MHC is a non-profit Nebraska corporation doing business in Cheyenne County, Nebraska.

4. Diversity Jurisdiction is vested in the Court and meets the requirements of 28 U.S.C §1332 in that this litigation involves citizens of different states and involves a controversy in excess of $75,000, inclusive of interest and costs.

5. Supplemental Jurisdiction is vested in the Court and meets the requirements of 28 U.S.C. § 1367 in that this litigation involves a second claim, which is so related to the claim within the Court's original jurisdiction as to form part of the same case or controversy.

6. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1391(a) in that jurisdiction is founded only on diversity of citizenship and both defendants are residents of Nebraska.

## WAIVER OF MEDICAL REVIEW PANEL

7. Defendants, at all times herein, qualify under the Nebraska Hospital-Medical Liability Act pursuant to NEB.REV.STAT. §44-2840 (4). Plaintiffs hereby waive their rights to a panel review and elect to proceed with their Complaint before this Court. Plaintiffs have complied with NEB.REV.STAT. §44-2801 et seq. A copy of this Complaint was sent via certified mail to the Department of Insurance of the State of Nebraska.

## FACTUAL ALLEGATIONS

8. On May 14, 2009, CAROLYN was admitted to MHC for a perforated duodenal ulcer with complaints of pain across her upper abdomen that had been progressively worsening over the preceding days.

9. On May 15, 2009, THAYER performed a laparotomy with resection of duodenal diverticulum and repair of duodenal defect on CAROLYN. During the surgery, THAYER utilized, among other instruments, surgical sponges within the operative site. However, Thayer failed to remove all surgical sponges from CAROLYN during the operation.

10. The operation was performed by THAYER with assistance of nurses who are the employees of the MHC and were acting within the course and scope of their employment

*Schilz v. Thayer, et al*
*Case No. _____.*
*Complaint and Demand for Jury Trial*

2

as they assisted THAYER with the surgery. Specific among those nurses are nurses identified as P. Herz, LPN, the scrub nurse, and S. Johnson, R.N., the circulating nurse. These nurses were responsible for maintaining an accurate count of all surgical sponges used during the surgery. The nurses were responsible for then informing THAYER if all sponges used during the surgery are accounted for before the operative site is closed.

11. MHC records show that the sponge counts were maintained and verified by Nurse Herz and Nurse Johnson during the May 15, 2009 operation. According to the documentation of the nurses, all sponges were accounted for at the end of the surgery.

12. Between May 15 and May 25, 2009, CAROLYN'S condition deteriorated and she suffered, pain, fever, nausea with dark and foul drainage coming from the drain at the operative site. Later records describe a grey/green fluid coming from the operative site. During this time no one could figure out why CAROLYN did not improve after the surgery.

13. On May 25, 2009, a radiological assessment showed a potential foreign body was retained in CAROLYN'S abdomen. According to THAYER'S records, this finding made sense given the clinical progress.

14. The May 26, 2009, THAYER performed another surgery to investigate the retained foreign body. During his surgery he discovered a retained sponge that resulted in an abdominal abscess. Furthermore, the sponge contributed to the bile leak which required the additional surgical repair and a gastrojejunostomy to divert gastric output away from the duodenum. The presence of the sponge and the resulting infection adversely affected CAROLYN'S healing after the first operation and increased the likelihood of a leak.

*Schilz v. Thayer, et al*
*Case No. _____.*
*Complaint and Demand for Jury Trial*

3

15. CAROLYN was hospitalized from May 26, 2009 through June 16, 2009 while she recovered from the consequences of the retained surgical sponge and the second surgery to recover the sponge. From June 15, 2009 through June 24, 2009, CAROLYN and MARK were required to stay in Sidney, Nebraska while she recovered. On June 23, 2009, CAROLYN was finally cleared to return to her home in Idaho.

16. From June 26, 2009 through October 22, 2009, CAROLYN received medical treatment to help with a non-healing postoperative abdominal ulcer that was the direct result of the surgery performed by THAYER. According to medical records, the wound was finally closed by October 22, 2009.

17. The treatment, advice, counsel and supervision rendered by THAYER was negligent in that he failed to exercise the degree of skill and care ordinarily exercised by physicians engaged in the practice of medicine in ways that breached the standard of care for a general surgeon in Sidney, Nebraska.

18. That THAYER, as captain of the ship, was responsible for the supervision and actions of the MHC nursing staff that was assisting him during the surgery and breached his nondelegable duty to CAROLYN during the procedure.

19. The negligent acts and omissions of THAYER were a proximate cause of the injuries to CAROLYN.

20. MHC's employees were negligent and failed to exercise the degree of skill and care ordinarily exercised by surgical nurses and/or technicians.

21. The negligent actions and omissions of MHC's employees were a proximate cause of the injuries to CAROLYN

*Schilz v. Thayer, et al*
*Case No. _____.*
*Complaint and Demand for Jury Trial*

4

22. As a result of the negligence of THAYER and the MHC's employees, CAROLYN suffered damages in the following particulars:

   a. Medical expenses to date in excess of $151,0000;

   b. Future medical expenses;

   c. Physical pain and mental suffering; and

   d. Emotional and psychological injuries.

23. As a direct and proximate result of CAROLYN'S injuries, MARK has been deprived of CAROLYN'S comfort, society, services and consortium.  He has been required to render substantial services to his wife, including nursing care.

**WHEREFORE**, CAROLYN and MARK SCHILZ demand a jury trial comprised of 12 jurors in Omaha, Nebraska, and pray for damages against the defendants as follows:

   a. General and compensatory damages in an amount to be determined at trial;

   b. Special damages in excess of $151,000 up to the present time and future damages in an amount to be determined at trial;

   c. Costs and disbursements incurred herein; and

   d. Such other and further relief as the Court deems just and equitable.

Dated this 2nd day of May, 2011.

*Schilz v. Thayer, et al*
*Case No. _____.*
*Complaint and Demand for Jury Trial*

5

CAROLYN SCHILZ and MARK SCHILZ,
Plaintiffs

By  /s/ Kyle J. Long
   Robert G. Pahlke, NSBA# 13201
   Kyle J. Long, NSBA# 22683
   Jennifer L. Turco, NSBA# 23760
   Robert O. Hippe, NSBA# 11857
   THE ROBERT PAHLKE LAW GROUP
   2425 Circle Drive, Suite 200
   Scottsbluff, Nebraska 69363-1224
   Telephone (308) 633-4444
   Facsimile (308) 633-4445
   Email: kyle@pahlkelawgroup.com

*Schilz v. Thayer, et al*
*Case No. _____.*
*Complaint and Demand for Jury Trial*

6